IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
C.A. NO. 1:21-cv-3039-JMC-KDW

| | |
|---|---|
| **JESSE REED**, <br><br> Plaintiff, <br><br> v. <br><br> **COLD CREEK NURSERIES, LLC**, <br><br> Defendant. | **COMPLAINT** |

**NOW COMES PLAINTIFF**, Jesse Reed ("Plaintiff") by and through undersigned counsel, complaining of the Defendant Cold Creek Nurseries ("Defendant" or "Cold Creek") as follows:

**PARTIES**

1. Plaintiff Jesse Reed is an African American male and is a citizen and resident of Aiken County, South Carolina.

2. Upon information and belief, Defendant Cold Creek Nurseries, LLC is a domestic Limited Liability Company, which, at all times relevant hereto, was authorized to and did conduct business in Aiken County, South Carolina.

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. §§ 1331 and 1343(a), this court has jurisdiction over Plaintiff's claims. Pursuant to 28 U.S.C. § 1367, this court has supplementary jurisdiction over Plaintiff's state law claims.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper because the acts complained of occurred in Aiken County, South Carolina.

## FACTUAL ALLEGATIONS

3. Plaintiff is an African-American male who resides in Aiken County, South Carolina.

4. In 2014, Plaintiff was employed at Cold Creek Nurseries ("Cold Creek") as a maintenance man where his duties and responsibilities included cutting grass, blowing grass, edging, weed eating and other lawn care services.

5. Plaintiff was supervised by Robin Brown, a white woman.

6. After working for approximately six (6) months as a maintenance man, Plaintiff was promoted to a lead. Plaintiff's duties and responsibilities as a lead were to train employees who worked on his truck and instruct them on how to adequately perform their lawn care duties.

7. Plaintiff was also responsible for ensuring all proper tools necessary to complete jobs were ready and available for use to complete such jobs.

8. Importantly, even though Plaintiff was not a supervisor, Plaintiff performed the duties and responsibilities required of supervisors without being compensated as a supervisor. Specifically, Plaintiff would lead an entire crew of workers to perform landscaping work, in a way that supervisors were required to do with additional responsibilities and higher pay.

9. Plaintiff would also train new employees. Although other leads and supervisors were paid $100.00 per training completed, Plaintiff never received any such payment.

10. After working at Cold Creek for approximately one (1) year, Plaintiff became a truck supervisor and was paid $9.00. As a truck supervisor, Plaintiff was overworked and given a disproportionately higher number of jobs to complete than any other supervisor.

11. Due to the unreasonable demands of the supervisor position that was exclusively placed on Plaintiff, Plaintiff eventually stepped down as a supervisor to alleviate stress.

12. When Plaintiff stepped down, his pay was reduced by $2.00 per hour without any reason. Importantly, other non-African American supervisors who stepped down from supervisory roles did not receive a pay reduction and at all times, regardless of what position Plaintiff was in (maintenance man, lead, or supervisor) Plaintiff received pay that was less than his non-African American colleagues.

13. Plaintiff was also overlooked for various promotions, including account representative positions. Those positions were given to white employees with far less experience and seniority than Plaintiff and they only received those positions because they are white.

14. Any time Plaintiff complained or asked about why he was being overlooked for promotion, Plaintiff experienced retaliation in the form of continuing to skip over him for promotions and making it more difficult for him to perform his duties.

15. Reducing Plaintiff's pay after he stepped down as supervisor was also a form of discrimination and retaliation that white supervisor(s) who stepped down did not experience.

16. In addition to the discriminatory pay and failure to promote Plaintiff, Defendant's work environment was overwhelmingly hostile on the basis of race.

17. For instance, a white supervisor referenced black employees as "hooligans."

18. Another white supervisor made the comment "the way you get rid of ant beds is by spraying black paint on it and the queen [ant] will say we need to move out because the blacks are taking over the neighborhood."

19. Another white supervisor repeatedly told black employees they were dumb and uneducated without reason. These comments lasted throughout the duration of Plaintiff's employment.

20. Due to the overwhelming and racially hostile and oppressive work environment, Plaintiff constructively terminated in January 2020.

21. When Plaintiff tried to put in an official notice, supervisor Rick Quarles snatched the paper out of Plaintiff's hand and stated he was fired.

22. Based on the foregoing, Plaintiff was terminated and retaliated against on the basis of his race, African American, even though Plaintiff, at all times, met expectations and performed his job, and others' jobs, exceptionally.

23. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission and received a Right to Sue Letter on June 22, 2021.

24. Plaintiff timely files this lawsuit to recover for Defendant's unlawful and discriminatory conduct.

## FIRST CAUSE OF ACTION

**Pursuant to Title VII of the Civil Rights Act of 1964- 42 U.S.C. § 2000e-2**
**(Unlawful Racial Discrimination and Hostile Work Environment on the Basis of Race)**

25. Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

26. Plaintiff is a black/African American male and a member of a protected class as defined by State and Federal law and statutes.

27. Plaintiff was discriminated against when (1) he was paid less than his non-African American colleagues; (2) he was overlooked for promotions (e.g. account representative) while white employees were not; (3) he was not compensated for training new employees, unlike his white colleagues; (4) when he was promoted to supervisor, he was given disproportionately more work that non-African American supervisors, which forced him to step down; (5) his pay was reduced after stepping down as supervisors when white supervisors' pay was not reduced when stepping down as supervisors; (6) Plaintiff was terminated by Rick Quarles when he tried to put in a two (2) weeks' notice; and (7) making it difficult for Plaintiff to perform his job and more.

28. Plaintiff experienced racial discrimination even though he met expectations and performed his job, and others' jobs, exceptionally.

29. Plaintiff being treated differently because of his race created a hostile work environment. Additionally, Defendants' supervisors' racially charged commentary since Plaintiff began employment at Cold Creek (e.g. the hooligan, ants, and education comments) further created a racially hostile work environment that was unwelcomed by Plaintiff and other black employees and was based on race.

30. The racially hostile work environment severely impacted Plaintiff's conditions of employment. The impact was so severe that Plaintiff was forced to put in a 2 two weeks notice, which he could not do because he was terminated when trying to do so, which was yet another form of racial discrimination and retaliation.

31. The racial abuse and harassment Plaintiff endured occurred during his employment with Defendant and was reported to Defendant's upper management. As such, Defendant is responsible and liable for its unlawful racially hostile environment, retaliation, termination, failure to promote and Plaintiff's unequal pay.

32. Plaintiff was unlawfully discriminated against on the sole basis of his race and there is no other legitimate nondiscriminatory reason for the racially discriminatory comments, making it difficult for Plaintiff to perform his duties as Defendant's employee, and retaliation because other non-black/African American employees in similar positions who were not African American were not forced to work in a racially hostile work environment, retaliated against, terminated, paid unequally, or overlooked for promotion due to discrimination.

33. Accordingly, Plaintiff seeks and is entitled to back pay pursuant to 42 U.S.C. § 2000e-5(g)(1), for the economic loss he has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiff's race, compensatory damages for emotional distress and injuries Plaintiff has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiff's race, and punitive damages for Defendant's willful failure to cure the racial discrimination and racially hostile work environment even after issues were reported on several occasions by Plaintiff, thereby exhibiting a malicious and/or reckless indifference for Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

34. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff also seeks and is entitled to costs and attorney's fees.

## SECOND CAUSE OF ACTION

**Pursuant to 42 U.S.C. § 1981**

**(Unlawful Racial Discrimination and Hostile Work Environment on the Basis of Race)**

35.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

36.     Plaintiff is a black/African American male and a member of a protected class as defined by State and Federal law and statutes.

37.     Plaintiff was discriminated against when (1) he was paid less than his non-African American colleagues; (2) he was overlooked for promotions (e.g. account representative) while white employees were not; (3) he was not compensated for training new employees, unlike his white colleagues; (4) when he was promoted to supervisor, he was given disproportionately more work that non-African American supervisors, which forced him to step down; (5) his pay was reduced after stepping down as supervisors when white supervisors' pay was not reduced when stepping down as supervisors; (6) Plaintiff was terminated by Rick Quarles when he tried to put in a two (2) weeks' notice; and (7) making it difficult for Plaintiff to perform his job and more.

38.     Plaintiff experienced racial discrimination even though he met expectations and performed his job, and others' jobs, exceptionally.

39.     Plaintiff being treated differently because of his race created a hostile work environment. Additionally, Defendants' supervisors' racially charged commentary since Plaintiff began employment at Cold Creek (e.g. the hooligan, ants, and education comments) further created a racially hostile work environment that was unwelcomed by Plaintiff and other black employees and was based on race.

40.     The racially hostile work environment severely impacted Plaintiff's conditions of employment. The impact was so severe that Plaintiff was forced to put in a 2 two weeks notice,

which he could not do because he was terminated when trying to do so, which was yet another form of racial discrimination and retaliation.

41. But for Plaintiff's race, the racial discrimination and racially hostile work environment would not have occurred.

42. The racial abuse and harassment Plaintiff endured occurred during his employment with Defendant and was reported to Defendant's upper management. As such, Defendant is responsible and liable for its unlawful racially hostile environment, retaliation, termination, failure to promote and Plaintiff's unequal pay.

43. Plaintiff was unlawfully discriminated against on the sole basis of his race and there is no other legitimate nondiscriminatory reason for the racially discriminatory comments, making it difficult for Plaintiff to perform his duties as Defendant's employee, and retaliation because other non-black/African American employees in similar positions who were not African American were not forced to work in a racially hostile work environment, retaliated against, terminated, paid unequally, or overlooked for promotion due to discrimination.

44. Accordingly, Plaintiff seeks and is entitled to back pay for the economic loss he has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiff's race, compensatory damages for emotional distress and injuries Plaintiff has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiff's race, and punitive damages for Defendant's willful failure to cure the racial discrimination and racially hostile work environment even after issues were reported on several occasions by Plaintiff, thereby exhibiting a malicious and/or reckless indifference for Plaintiff's rights under 42 U.S.C. §1981.

45. Plaintiff also seeks and is entitled to costs and attorney's fees.

46. Because Defendant established unequal terms and conditions in Plaintiff's employment based on his race and failed to sufficiently remedy violations of Plaintiff's rights, Plaintiff is entitled to compensatory and punitive damages to the maximum extent allowed under the law.

**THIRD AND FOURTH CAUSES OF ACTION**
**(Negligence and Negligent Hiring, Supervision, and Retention)**

47. Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

48. Defendant was aware of the discriminatory and retaliatory actions of their supervisors and employees that caused Plaintiff's ongoing injuries.

49. However, Defendant employed, and continues to employ, such employees and was well aware they could not perform their job duties without engaging in unlawful and discriminatory and retaliatory practices.

50. At all times relevant, Defendant was aware of its employees' incompetence and failures, but has failed to take any action to remedy such incompetence of many of its employees, which is a breach of its duty to Plaintiff and other employees.

51. Defendant's prior and ongoing negligent hiring, supervision and retention of incompetent employees has, and continues to proximately cause Plaintiff's physical, emotional and mental harm and anguish.

52. As such, Plaintiff is entitled to and seek damages, including but not limited to, compensatory damages, for his past and current harm due to Defendant's negligence.

53. Because Defendant was, and remains, aware of its employees' incompetence with resolving issues involving unlawful and discriminatory treatment of Plaintiff, Defendant's failure to remedy such dangers constitutes willful and wanton disregard for Plaintiff's rights under South Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to South Carolina law.

## **JURY DEMAND**

Plaintiff demands that all matters not suitable for determination by this Honorable Court be determined by a jury of his peers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1. An order entering judgment in favor of Plaintiff in an amount to be determined at trial for each Cause of Action herein;

2. An order enjoining Defendant from further engaging in discriminatory acts;

3. An order awarding Plaintiff actual and compensatory damages against Defendant;

4. An award of punitive damages against Defendant;

5. All costs and expenses in this action, including reasonable attorney's fees from Defendant; and

6. Any and all further relief this Court deems necessary and proper.

This the 20th day of September 2021,

1:21-cv-03039-JMC-KDW     Date Filed 09/20/21    Entry Number 1     Page 11 of 12

**DARRIOUS L. BAKER, P.A.**

**/s/: Darrious Baker**
Darrious L. Baker (Fed ID No. 12122)
2512 Devine Street
Columbia, SC 29205
(803) 254-7091 (telephone)
(803) 254-7094 (facsimile)
Email: dbaker@darriousbaker.com
*Attorney for Plaintiff*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** was delivered to the Clerk of Court on the date below using the CM/ECF Filing system, and shall deliver a copy of the same to the parties listed below via USPS Return Receipt Requested:

<div align="center">

**Cold Creek Nurseries**
**Attn:** William R. Tiszai
398 HITCHCOCK PARKWAY
AIKEN, South Carolina   29801

</div>

This the 20th day of September 2021,

**DARRIOUS L. BAKER, P.A.**

**/s/: Darrious Baker**
Darrious L. Baker (Fed ID No. 12122)
2512 Devine Street
Columbia, SC 29205
(803) 254-7091 (telephone)
(803) 254-7094 (facsimile)
Email: dbaker@darriousbaker.com
*Attorney for Plaintiff*